CAINES v. KATZ *et al., Plaintiffs in Error.*

Ejectment, Answer in: TAX SALE. Plaintiff sued in ejectment in the usual form; the defendants, without interposing either a general or special denial, set up that plaintiff claimed under a tax sale and that the proceedings under said tax sale were invalid on a number of grounds stated in the answer. The court sustained a demurrer to the answer. *Held,* that the answer was fatally defective in not averring that plaintiff's title was based solely on the tax proceedings, and the demurrer was, therefore, properly sustained.

*Error to St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*F. T. Ledergerber* for plaintiffs in error.

(1) The assessment or tax list, or books, must be authenticated. The assessment or listing is essential to the validity of a tax title. By it alone can the legality of the tax be tested; whether the tax is uniform, etc. *Howard v. Heck,* 88 Mo. 456; *Llewellen v. Schooley,* 84 447, cas. cit.; *State ex rel. v. Cook,* 82 Mo. 185, affirmed

in *Pike v. Martindale*, 91 Mo. 268 ; Blackwell on Tax Titles, 108. (2) The tax must be assessed, and the proceedings had, against the owner, by the record, at the time of the assessment ; the person appearing by the register of deeds to be the owner at that time. Session Acts 1872, p. 93, sec. 50 ; p. 98, sec. 76 ; p. 100, sec. 82 ; *Cowell v. Gray*, 85 Mo. 169 ; *Stafford v. Fizer*, 82 Mo. 393 ; *Hunt v. Sack*, 79 Mo. 661 ; *Fox v. Hall*, 74 Mo. 315 ; *Gaines v. Fender*, 82 Mo. 504. Where assessment was neither against the real nor apparent owner. *Vance v. Corrigan*, 78 Mo. 94 ; *Watt v. Donnell*, 80 Mo. 195 ; *Carter v. Clymer*, 81 Mo. 122. The true owner cannot come in and be made a party in a tax suit, if the land is assessed to a stranger. *City v. Mock*, 74 Mo. 62 ; *Hubbard v. Gilgin*, 75 Mo. 445 ; *Abbott v. Lindenbower*, 42 Mo. 162 ; *Rosenblatt v. Gibson*, 12 Mo. App. 1. (3) Where the deed of trust is recorded the beneficiary must be made a party, he is the owner. *Stafford v. Fizer*, 82 Mo. 393 ; *Carter v. Clymer*, 81 Mo. 122 ; *Lewis v. Schwenn*, 93 Mo. 26. (4) The name of the presiding justice of the county court should have appeared to the copy of the judgment attached to the "special execution record, or sale book." Session Acts 1872, p. 122, secs. 194, 196. A blank under the judgment, where the name ought to be, renders it void. *Baley v. Guin*, 76 Mo. 263 ; *Sidwell v. Barney*, 69 Mo. 144 ; *Town v. Colburn*, 77 Mo. 56 ; *Evert v. Davis*, 76 Mo. 129 ; *City v. Curry*, 76 Mo. 85 ; *Howard v. Heck*, 88 Mo. 456 ; *Duff v. Nelson*, 90 Mo. 93. (5) In this case, the land was not assessed in the name of the record owner in possession, John Sexton, nor to the trustee, or the beneficiary in the deed of trust, duly recorded. *Gaines v. Fender*, 82 Mo. 497 ; *Carter v. Clymer*, 81 Mo. 122 ; *Lewis v. Schwenn*, 93 Mo. 26.

*Joseph S. Dobyns* for defendant in error.

(1) Conceding all the defences set up in the answer

Caines v. Katz.

to be well taken, still the demurrer was properly sustained. The substance of the answer is, that plaintiff relies on a void tax title acquired under a sale for the taxes for the year 1875. It is insisted that plaintiff, on the contrary, may rely on another tax deed, or any other title derived from tax sales or otherwise to recover in this action. There is nothing in the petition to show the character of title relied on, and nothing in the answer confining plaintiff's title to a tax deed for the year 1875. If this tax deed is void, what of it ? He may still rely on another title, and recover judgment. (2) The law did not require the assessment books of St. Louis county to be verified by the affidavit of the assessor. (3) The answer does not show that the assessment was not to the owner, and even if so, it was nevertheless valid. (4) The law did not require an assessment to the trustee or beneficiary, even if the title were of record, and it does not appear from the answer that such title was of record. (5) The law did not require the presiding justice to sign the special execution record.

NORTON, C. J.—This is a suit in ejectment, the petition being in the usual form, to recover possession of certain land in the county of St. Louis. Defendants bring the case here by writ of error, and assign for error the action of the court in sustaining a demurrer to their answer.

The special defences set up in the answer are : (1) That plaintiff claims under a tax sale for taxes for the year 1875, and avers that the assessment books for the county of St. Louis for the taxes of 1875 are not verified by the affidavits of any of the assessors, or the president of the board of assessors, and that, therefore, the assessment is void; (2) that said assessment for 1875 of the land in controversy, in the name of Gotlieb Hirestedt, was not assessed in the name of the person owning the

same on the first day of September, 1875, but that one John Sexton had acquired the title to said land by deed dated June 18, 1875, and recorded June 23, 1875; (3) that, prior to the assessment and levy of the taxes for 1875, defendant Katz, in March, 1871, loaned a large sum of money to the owner of the land, taking a deed of trust on the same to secure its payment, which was recorded in book 427, page 79, and that said defendant became the purchaser of the same at a sale made under the deed of trust, in July, 1878, and that this deed was recorded in book 599, page 407, of the record of deeds in St. Louis county; that neither said Katz nor the trustee in the deed of trust was made a party to the tax proceedings; (4) that the order of sale made by the county court of St. Louis county attached to the "special execution record" or "sale book" was not signed by the presiding justice of the county court of St. Louis county.

It is to be observed that the petition in this case does not set forth the title upon which plaintiff bases his right to recover, but it is in the usual form and avers that plaintiff is the owner of the land and entitled to possession, etc. It is to be further observed that the answer is neither a general nor specific denial, but sets up the special defences above referred to. Hence, in the disposition of the demurrer, it is not necessary to determine whether the special defences set up against the validity of the tax proceedings and sale had thereunder, are sufficient to defeat a recovery, when such recovery is sought solely on account thereof. Conceding, without deciding, that they are sufficiently stated to accomplish that result, the answer is nevertheless fatally defective in not averring that plaintiff's title was based solely on the tax proceedings and sale. The averment in the answer may be taken as true that plaintiff, in virtue of the tax proceedings, brought his suit, but it does not.

follow from this that he had no other title entitling him to recover.

The averments of the answer amount to this and no more, that plaintiff relied on a tax sale. While this may be so, he might have shown, notwithstanding that averment, any other title.

Judgment affirmed. All concur, except Ray, J., absent.